CHAD A. READLER
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice
ETHAN DAVIS
Deputy Assistant Attorney General
GUSTAV W. EYLER
Acting Director, Consumer Protection Branch
KATHRYN A. SCHMIDT
Trial Attorney, Consumer Protection Branch
P.O. Box 386
Washington, DC  20044
Phone: (202) 598-8697
Email: Kathryn.A.Schmidt@usdoj.gov

*Attorneys for Plaintiff United States of America*

MATTHEW H. WERNZ
SAMUEL A.A. LEVINE
Federal Trade Commission
Midwest Region
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
Tel.: (312) 960-5634
Email: MWernz@ftc.gov
Email: SLevine1@ftc.gov

*Attorneys for the Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PRIME SITES, INC., a Nevada corporation, also doing business as EXPLORE TALENT,<br><br>　　　　Defendant. | Case No. 2:18-cv-199<br><br>**COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges:

1. Plaintiff brings this action under Sections 5(a)(1), 5(m)(l)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a), and Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6502(c) and 6505(d), to obtain monetary civil penalties, a permanent injunction, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendant's violations of the Commission's Children's Online Privacy Protection Rule ("Rule" or "COPPA Rule"), 16 C.F.R. Part 312, and Section 5 of the FTC Act.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355 and 15 U.S.C. §§ 45(m)(1)(A), 53(b), and 56(a).

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c)(2), and 15 U.S.C. § 53(b).

## THE CHILDREN'S ONLINE PRIVACY PROTECTION ACT RULE

4. Congress enacted COPPA in 1998 to protect the safety and privacy of children online by prohibiting the unauthorized or unnecessary collection of children's personal information online by operators of Internet Web sites or online services. Congress directed the Commission to promulgate a rule implementing COPPA. The Commission promulgated the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312, on November 3, 1999, under Section 1303(b) of COPPA, 15 U.S.C. § 6502(b), and Section 553 of the Administrative

Procedure Act, 5 U.S.C. § 553.  The Rule went into effect on April 21, 2000.  The Commission promulgated revisions to the Rule that went into effect on July 1, 2013.  Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## DEFENDANT

5. Defendant Prime Sites, Inc., which also does business as Explore Talent ("Explore Talent"), is a Nevada corporation with a corporate mailing address of 3395 South Jones Boulevard, Suite 15, Las Vegas, Nevada 89146.  Explore Talent transacts or has transacted business in this district and throughout the United States.  At all times material to this Complaint, acting alone or in concert with others, Explore Talent has advertised, marketed, or sold online talent search services to consumers throughout the United States.

## COMMERCE

6. At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS PRACTICES

7. Since 2008, Defendant has maintained an online talent search network called Explore Talent, which is available at the Web site ExploreTalent.com.  Aspiring actors, models, and other artists can use Explore Talent to search for information about upcoming auditions, casting calls, and other professional opportunities.  To create a free account, Explore Talent requires users—including children under 13—to submit personal information, such as their names, email addresses, and telephone numbers, and also requests that users provide mailing

addresses and photographs. Much of the personal information provided by users in setting up their accounts then becomes publicly available on users' profiles on ExploreTalent.com. Explore Talent has disclosed children's personal information without accurately describing its collection, use, or disclosure practices, and without notifying or obtaining consent from the children's parents. Despite these practices, Explore Talent falsely has represented to consumers in its Privacy Policy that it does not knowingly collect personal information from children under the age of 13.

8. Once users have created free accounts with Explore Talent, Defendant also has misrepresented the potential opportunities that are available. Specifically, Defendant sometimes represents that casting directors and agents are interested in particular Explore Talent users for specific acting roles. Defendant does this to convince users to pay for a monthly "pro" membership that purportedly will provide them with access to the identified opportunities. Defendant makes these representations without any basis for believing that casting directors or agents are in fact interested in Explore Talent users for specific roles.

9. According to Defendant, Explore Talent is the "world's largest talent resource" and has more than 10 million members. More than one hundred thousand of those members have registered as under age 13.

**DEFENDANT'S BUSINESS PRACTICES REGARDING COLLECTION OF INFORMATION FROM CHILD-DIRECTED APPLICATIONS**

10. For purposes of Paragraphs 10 through 24 and 32 through 36, herein, the terms "child," "collects," "collection," "disclosure," "Internet," "operator," "parent," "personal information," "obtaining verifiable consent," and "Web site or online service directed to children," are defined as those terms are defined in Section 312.2 of the COPPA Rule, 16 C.F.R. § 312.2.

11. Among other things, the Rule applies to any operator of a commercial Web site or online service that has actual knowledge that it collects, uses, and/or discloses personal information from children. The Rule requires operators to meet specific requirements prior to collecting online, using, or disclosing personal information from children, including but not limited to:

    a. posting a privacy policy on its Web site or online service providing clear, understandable, and complete notice of its information practices, including what information the operator collects from children online, how it uses such information, its disclosure practices for such information, and other specific disclosures set forth in the Rule;

    b. providing clear, understandable, and complete notice of its information practices, including specific disclosures, directly to parents when required by the Rule; and

    c. obtaining verifiable parental consent prior to collecting, using, and/or disclosing personal information from children.

12. Explore Talent users who created accounts on ExploreTalent.com, including users who created both free and "pro" accounts, were taken to a registration page, where they were required to input their first name, last name, zip code, email address, gender, "age range," height, and ethnicity. The listed options for age range included "0-5" and "6-12." The following is a screenshot of the page where registrants are asked to select their "age range":



13. On subsequent screens, Explore Talent requested that users input their telephone number, eye color, hair color, and birthdate, including year. The following is a screenshot of the page where Explore Talent requests users' birth year:



14. In requiring that users input their age range and birth year, Explore Talent did not place any limitations on the creation of an ExploreTalent.com account by any user who indicated an age of 12 or younger. Instead, Explore Talent collected the same personal information from children as from other users. Users who indicated any birth year, including birth years that

would indicate ages under 13, were merely presented with the following message, "Are you sure you were born in [selected birth year]? Please verify it is your actual year of birth and continue so we can match you with the proper Auditions and Jobs."

15. Users who submitted this registration information were then requested by Explore Talent to upload a picture. Explore Talent urged users to upload such a picture with the message:

Agents & Casting Directors choose

Only serious candidates with pictures

Upload a picture or use your camera

16. After registering, all users, including users who had indicated their age was under 13, were requested to input additional information, including their mailing address, weight, "body type," and measurements for "waist," "hips," "bust," "shirt," "sleeve," and "shoe." Explore Talent also requested that the users include "Detailed User Info" describing their particular skills, modeling and acting categories, and other professional information.

17. Explore Talent also allowed all users to "make friends" with other users. Users can "like" other users' profiles, request to become "friends" with other users, and exchange direct, private messages with other users. Explore Talent did not restrict users' ability to make friends with other users, view or like other users' profiles, or exchange messages with other users based on the users' listed age. Adults could become friends and exchange direct, private messages with children who had profiles on ExploreTalent.com without the children's parents being notified of or consenting to the communications.

18. ExploreTalent.com profiles are publicly visible. Explore Talent allowed both users with registered accounts and unregistered visitors to the Web site to search for users by

name, location, and age, including users under the age of 13.  Users and unregistered visitors to ExploreTalent.com also could identify and view the profiles of friends of users.  ExploreTalent.com did not restrict the visibility of users' profiles based on the users' listed age.

19. Explore Talent maintained a fine-print Privacy Policy that users were not required to review or agree to in registering for an account.  Explore Talent's Privacy Policy was available via a hyperlink located at the bottom of its home page, near a dozen other hyperlinks to other pages on Explore Talent's Web site.  That Privacy Policy included a section entitled "CHILDREN UNDER THE AGE OF 13" that stated, in part, "If you are a child under the age of 13, your profile must be created by a legal guardian.  No one under age 13 may provide any information to or through [ExploreTalent.com].  We do not knowingly collect personal information from children under 13."

20. This Privacy Policy did not provide sufficient notice of the Web site's information practices with respect to children.  In many instances where Explore Talent collects personal information from a user who is a child under 13, the child's parent likely would not have seen the Privacy Policy.  Nor did the Privacy Policy provide adequate notice on a substantive basis about the information Explore Talent collected from children, how it used such information, or its disclosure practices for such information.  This Privacy Policy also did not provide direct notice to parents of the information Explore Talent collected online from children, how it used such information, or its disclosure practices for such information.

21. Additionally, Defendant's representation in its Privacy Policy that it did not knowingly collect personal information from children under age 13 was false.  ExploreTalent.com imposed no restrictions on users who indicated that they were under the age of 13 and in fact routinely collected several categories of personal information from children.

22. During the period from 2014 through 2016, ExploreTalent.com had more than 100,000 members who registered as under age 13. As set forth in Paragraphs 10 through 16, Explore Talent collected personal information, including but not limited to full name, email address, mailing address, and telephone number, from tens of thousands of individuals who registered for free accounts on ExploreTalent.com with birthdates indicating that they were between the ages of 0 and 13. These users also had publicly visible profiles that included personal information, including the users' full names and photographs containing the users' image.

23. ExploreTalent.com did not verify that profiles listing an age under 13 were in fact being created by a legal guardian. Instead, Explore Talent knowingly collected and used information from tens of thousands of users who provided age ranges and birth years indicating that they were under 13, in violation of the COPPA Rule.

24. Explore Talent: (a) did not clearly, completely, or accurately disclose Explore Talent's information collection, use, and disclosure practices for children under age 13, as required by the Rule; (b) did not provide parents with a direct notice of its information practices prior to collecting, using, or disclosing children's personal information; and (c) did not obtain verifiable consent from parents prior to collecting, using or disclosing children's personal information.

**DEFENDANT'S SALE OF "PRO" MEMBERSHIPS**

25. ExploreTalent.com purports to list more than 16,000 acting, modeling, and other professional opportunities. These opportunities are not with Explore Talent itself, but rather are with casting directors, agents, and other third parties.

26. Although Explore Talent allows users to create free accounts on its Web site, users with free accounts cannot apply for the listed opportunities. Rather, ExploreTalent.com users must pay for a "pro" membership to apply for the opportunities. The monthly price for a pro membership is $39.95.

27. Explore Talent users can register and pay for a pro membership on ExploreTalent.com. On its Web site, Explore Talent entices consumers to "Upgrade to Pro" with the representation:

> Want to land Auditions and get Hired?
>
> Agents constantly needing [*sic*] new faces, Upgrade to PRO so they can find you
>
> Apply to Unlimited Auditions and Jobs

28. On its Web site, Explore Talent also posts "Success Stories" of users who found opportunities through ExploreTalent.com. In these testimonials, users thank Explore Talent for helping them find roles in commercials, short and feature-length films, and other productions.

29. Additionally, Defendant has placed unsolicited telephone calls to users of free ExploreTalent.com accounts to attempt to convince them to register for a pro membership. In these calls, Defendant's telemarketers have represented to individual users that casting directors have interest in or have chosen them for specific acting opportunities. In many instances, Defendant's telemarketers have claimed that a user has been specifically chosen for a part in an upcoming, well-known major motion picture. Defendant's telemarketers have represented that, to apply for the identified opportunities, the user must pay for a "pro" membership.

30. To convince users to upgrade their memberships, Defendant's telemarketers sometimes have told Explore Talent users that casting directors for particular motion pictures were interested in casting them for upcoming roles. In particular, one of Defendant's

telemarketers represented to a user that the casting director for a sequel of "Jack Reacher" starring Tom Cruise was particularly interested in auditioning the user for a paid speaking role in that film, but that the user first needed to upgrade to a pro membership. Before paying for such a membership, however, the user directly contacted the casting director, who told the Explore Talent user that the film was not working with Explore Talent and that all speaking roles in the film already were cast. Another of Defendant's telemarketers specifically promised an Explore Talent user a role in an upcoming "Fast and Furious" movie if she paid for a pro membership. The user paid for the pro membership but received no contact about any such role.

31. Defendant's representations about acting opportunities are false or not substantiated. Defendant has made these claims without knowledge of any specific expressed interest by casting directors in the user, and without knowledge of users having been chosen for specific opportunities. Users who have paid to upgrade to a pro membership have not received the promised solicitations from casting directors or the specific casting opportunities touted by Defendant's telemarketers.

**DEFENDANT'S VIOLATIONS OF THE COPPA RULE**

**COUNT I**

32. In numerous instances, in connection with operating its talent search network, Defendant has collected, used, and/or disclosed, with actual knowledge, personal information from children under the age of 13. In doing so, Defendant has failed to: (1) provide sufficient notice on its Web site or online services of the information it collects online from children and how it uses such information, among other required content; (2) provide direct notice to parents of the information Defendant collects online from children and how it uses such information,

among other required content; and (3) obtain verifiable parental consent before any collection or use of personal information from children.

33. Defendant is an "operator" as defined by the COPPA Rule, 16 C.F.R. § 312.2.

34. Through the means described in Paragraphs 10 through 24 above, Defendant violated:

    a. Section 312.4(d) of the Rule, 16 C.F.R. § 312.4(d), which requires an operator to provide sufficient notice on its Web site or online services of the information it collects online from children, how it uses such information, and its disclosure practices for such information, among other required content;

    b. Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b), which requires an operator to provide direct notice to parents of the information Defendant collects online from children, how it uses such information, and its disclosure practices for such information, among other required content; and

    c. Section 312.5(a)(1) of the Rule, 16 C.F.R. § 312.5(a)(1), which requires an operator to obtain verifiable parental consent before any collection, use, and/or disclosure of personal information from children.

35. Defendant's acts or practices, as described in Paragraph 34 above, violated the COPPA Rule, 16 C.F.R. Part 312.

36. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or

deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**DEFENDANT'S VIOLATIONS OF THE FTC ACT**

37. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

38. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

**COUNT II**

39. In numerous instances, in connection with operating its talent search network, Defendant has represented, directly or indirectly, expressly or by implication, that it does not knowingly collect personal information from children under the age of 13.

40. In truth and in fact, in numerous instances in which Defendant has made the representation set forth in Paragraph 39 of this Complaint, Defendant has knowingly collected personal information from children under the age of 13.

41. Therefore, Defendant's representation as set forth in Paragraph 39 of this Complaint is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**COUNT III**

42. In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of pro memberships that allow users to apply for roles through its talent search network, Defendant has represented, directly or indirectly, expressly or by implication, that Explore Talent users have been specifically chosen for a role in an upcoming motion picture or have been the subject of interest from casting directors.

43. In truth and in fact, in numerous instances in which Defendant has made the representations set forth in Paragraph 42 of this Complaint, such representations were false or misleading, or were not substantiated at the time Defendant made them.

44. Therefore, the making of the representations set forth in Paragraph 42 of this Complaint constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## THE COURT'S POWER TO GRANT RELIEF

45. Defendant violated the Rule as described above with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

46. Each collection or use of a child's personal information in which Defendant violated the Rule in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

47. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and Section 1.98(d) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(d), authorizes this Court to award monetary civil penalties of not more than $16,000 for each such violation of the Rule on or after February 10, 2009.

48. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America, pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a), and the Court's own equitable powers, requests that the Court:

(1) Enter a permanent injunction to prevent future violations of the FTC Act and the COPPA Rule by Defendant;

(2) Award Plaintiff monetary civil penalties from Defendant for each violation of the COPPA Rule alleged in this Complaint; and

(3) Award such other and additional relief as the Court may determine to be just and proper.

Dated: _February 5, 2018__

| | |
|---|---|
| FOR THE FEDERAL TRADE COMMISSION | FOR PLAINTIFF THE UNITED STATES OF AMERICA |
| MATTHEW H. WERNZ<br>SAMUEL A.A. LEVINE<br>Federal Trade Commission | CHAD A. READLER<br>Acting Assistant Attorney General<br>Civil Division |
| | ETHAN DAVIS<br>Deputy Assistant Attorney General |
| | GUSTAV W. EYLER<br>Acting Director<br>Consumer Protection Branch |
| | */s/ Kathryn A. Schmidt*_____<br>KATHRYN A. SCHMIDT<br>Trial Attorney |