CHAD A. READLER
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice
ETHAN DAVIS
Deputy Assistant Attorney General
GUSTAV W. EYLER
Acting Director, Consumer Protection Branch
KATHRYN A. SCHMIDT
Trial Attorney, Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
Phone: (202) 598-8697
Email: Kathryn.A.Schmidt@usdoj.gov

*Attorneys for Plaintiff United States of America*

MATTHEW H. WERNZ
SAMUEL A.A. LEVINE
Federal Trade Commission
Midwest Region
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
Tel.: (312) 960-5634
Email: MWernz@ftc.gov
Email: SLevine1@ftc.gov

*Attorneys for the Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PRIME SITES, INC., a Nevada corporation, also doing business as EXPLORE TALENT, <br><br> Defendant. | Case No. 2:18-cv-199 <br><br> **STIPULATION AND ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT** <br> ECF No. 2 |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction, Civil Penalties, and Other Relief ("Complaint") in this matter, pursuant to Sections 13(b) and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 56(a)(1), the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6502(c) and 6505(d), and the Commission's Children's Online Privacy Protection Rule ("COPPA Rule"), 16 C.F.R. Part 312. Defendant has waived service of the summons and the Complaint. Plaintiff and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, by misrepresenting the benefits of paid membership in, and Defendant's practices relating to personal information collected from children in connection with, Defendant's online talent search network.

3. The Complaint also charges that Defendant violated the COPPA Rule by failing to provide notice to parents of its information practices, and to obtain verifiable parental consent prior to collecting, using, or disclosing personal information from children.

4. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

5. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

6. Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## **DEFINITIONS**

For the purpose of this Order, the following definitions apply:

1. "Child" means an individual under the age of 13.

2. "Collects" or "collection" means the gathering of any personal information from a child by any means, including but not limited to:

    a. Requesting, prompting, or encouraging a child to submit personal information online;

    b. Enabling a child to make personal information publicly available in identifiable form; or

    c. Passive tracking of a child online.

3. "Defendant" means Prime Sites, Inc., a corporation, also doing business as Explore Talent, and its successors and assigns.

4. "Disclose or disclosure" means, with respect to personal information:

    a. The release of personal information collected by an operator from a child in identifiable form for any purpose, except where an operator provides such information to a person who provides support for the internal operations of the website or online service; and

    b.  Making personal information collected by an operator from a child publicly available in identifiable form by any means, including but not limited to a public posting through the Internet, or through a personal home page or screen posted on a website or online service; a pen pal service; an electronic mail service; a message board; or a chat room.

  5.  "Internet" means collectively the myriad of computer and telecommunications facilities, including equipment and operating software, which comprise the interconnected world-wide network of networks that employ the Transmission Control Protocol/Internet Protocol, or any predecessor or successor protocols to such protocol, to communicate information of all kinds by wire, radio, or other methods of transmission.

  6.  "Obtaining verifiable consent" means making any reasonable effort (taking into consideration available technology) to ensure that before personal information is collected from a child, a parent of the child:

    a.  Receives notice of the operator's personal information collection, use, and disclosure practices; and

    b.  Authorizes any collection, use, and/or disclosure of the personal information.

  7.  "Online contact information" means an e-mail address or any other substantially similar identifier that permits direct contact with a person online, including but not limited to, an instant messaging user identifier, a voice over internet protocol (VOIP) identifier, or a video chat user identifier.

  8.  "Operator" means any person who operates a website located on the Internet or an online service and who collects or maintains personal information from or about the users of or

visitors to such website or online service, or on whose behalf such information is collected or maintained, or offers products or services for sale through that website or online service, where such website or online service is operated for commercial purposes involving commerce among the several States or with one (1) or more foreign nations; in any territory of the United States or in the District of Columbia, or between any such territory and another such territory or any State or foreign nation; or between the District of Columbia and any State, territory, or foreign nation.

9. "Parent" includes a legal guardian.

10. "Person" means any individual, partnership, corporation, trust, estate, cooperative, association, or other entity.

11. "Personal information" means individually identifiable information about an individual collected online, including:

    a. A first and last name;

    b. A home or other physical address including street name and name of a city or town;

    c. Online contact information;

    d. A screen or user name where it functions in the same manner as online contact information;

    e. A telephone number;

    f. A Social Security number;

    g. A persistent identifier that can be used to recognize a user over time and across different websites or online services. Such persistent identifier includes, but is not limited to, a customer number held in a cookie, an

Internet Protocol (IP) address, a processor or device serial number, or unique device identifier;

    h.    A photograph, video, or audio file where such file contains a child's image or voice;

    i.    Geolocation information sufficient to identify street name and name of a city or town; or

    j.    Information concerning the child or the parents of that child that the operator collects online from the child and combines with an identifier described in this definition.

12.    "Release of personal information" means the sharing, selling, renting, or transfer of personal information to any third party.

13.    "Support for the internal operations of the website or online service" means

    a.    Those activities necessary to:

        i.    Maintain or analyze the functioning of the website or online service;

        ii.    Perform network communications;

        iii.    Authenticate users of, or personalize the content on, the website or online service;

        iv.    Serve contextual advertising on the website or online service or cap the frequency of advertising;

        v.    Protect the security or integrity of the user, website, or online service;

        vi.    Ensure legal or regulatory compliance; or

    vii.  Fulfill a request of a child as permitted by Section 312.5(c)(3) and (4) of COPPA;

  b. So long as the information collected for these activities listed in a(i) – (vii) is not used or disclosed to contact a specific individual, including through behavioral advertising, to amass a profile on a specific individual, or for any other purpose.

14. "Third party" means any person who is not:

  a. An operator with respect to the collection or maintenance of personal information on the website or online service; or

  b. A person who provides support for the internal operations of the website or online service and who does not use or disclose information protected under this part for any other purpose.

15. "Website or online service directed to children" means a commercial website or online service, or portion thereof, that is targeted to children.

## ORDER

### I. INJUNCTION CONCERNING COLLECTION OF PERSONAL INFORMATION FROM CHILDREN

IT IS ORDERED that Defendant and Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with being an operator of any website or online service directed to children or of any website or online service with actual knowledge that it is collecting or maintaining personal information from a child, are hereby permanently restrained and enjoined from:

A. failing to make reasonable efforts, taking into account available technology, to ensure that a parent of a child receives direct notice of Defendants' practices with regard to the collection, use, or disclosure of personal information from children, including notice of any material change in the collection, use, or disclosure practices to which the parent has previously consented;

B. failing to post a prominent and clearly labeled link to an online notice of its information practices with regard to children on the home or landing page or screen of its website or online service, and at each area of the website or online service where personal information is collected from children;

C. failing to obtain verifiable parental consent before any collection, use, or disclosure of personal information from children, including consent to any material change in the collection, use, or disclosure practices to which the parent has previously consented; and

D. violating the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312, a copy of which is attached hereto as Appendix A.

## II. INJUNCTION CONCERNING DELETION OF CHILDREN'S PERSONAL INFORMATION

IT IS FURTHER ORDERED that Defendant and Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from:

A. disclosing, using, or benefiting from children's personal information which Defendant obtained prior to entry of this Order; and

B. failing to destroy children's personal information that is in their possession, custody, or control within ten (10) days after entry of this Order. *Provided, however*, that such

personal information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

### III. MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A.  Judgment in the amount of Five Hundred Thousand Dollars ($500,000) is entered in favor of Plaintiff against Defendant as a civil penalty.

B.  Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, Two Hundred Thirty-Five Thousand Dollars ($235,000). Such payment must be made within ninety (90) days of entry of the Order, unless otherwise agreed to by counsel for the Commission, by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.  The Commission and Plaintiff's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of the following sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

   1.  the Financial Statement of Defendant Prime Sites, Inc. signed by Ami Shafrir, President, on September 29, 2017, including the attachments; and
   2.  the Financial Statement of Defendant's President signed on September 30, 2017, and submitted to Commission counsel, including the attachments.

D.  The suspension of the judgment will be lifted if, upon motion by the Commission or Plaintiff, the Court finds that Defendant or Defendant's President failed to disclose any

material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.    If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the amount of the civil penalty for the violations alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

F.    Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

G.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

H.    Defendant agrees that the judgment represents a civil penalty owed to the government of the United States and is not compensation for actual pecuniary loss.

I.    Defendant acknowledges that its Employer Identification Numbers, which Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

## IV. **PROHIBITION AGAINST MISREPRESENTATIONS**

IT IS FURTHER ORDERED that Defendant and Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale of any good or service, are permanently enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. that consumers have been specifically chosen for a role in an upcoming motion picture;

B. that consumers have been the subject of interest from casting directors;

C. any fact material to Defendant's practices with respect to personal information collected from children, including Defendant's collection, use, and disclosure practices; or

D. any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its nature or central characteristics.

## V. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the collection, retention, storage, or security of personal information from children, if any, or who have responsibilities related to the operation of any website or online service through which Defendant collects personal information from users; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. In such report, Defendant must:

    1. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant;

    2. identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

    3. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales;

    4. describe in detail whether and how Defendant is in compliance with each Section of this Order;

    5. provide a copy of each different version of any privacy notice posted on each website or online service operated by Defendants or sent to parents of children that register on each website or online service;

    6. describe in detail the methods used to obtain verifiable parental consent prior to any collection, use, and/or disclosure of personal information from children through any website or online service;

7. describe in detail the means provided for parents to review the personal information collected from their children and to refuse to permit its further use or maintenance; and

8. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in: (1) any designated point of contact; or (2) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement,

Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin:  *FTC v. Prime Sites, Inc.*, X_____ .

## VII.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

D. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E. a copy of each materially different form, page, or screen created, maintained, or otherwise provided by Defendant through which personal information is collected through any website or online service, and a copy of each materially different document containing any representation regarding collection, use, and disclosure practices pertaining to personal information collected through such website or online service. Each webpage copy shall be accompanied by the URL of the webpage where the material was posted online. Electronic copies shall include all text and graphics files, audio scripts, and other computer files used in presenting information on the Internet.

F. a copy of each unique advertisement, other marketing material, telemarketing script, or other representation made in connection with promoting or offering for sale of any good or service.

## VIII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order:

A. Within fourteen (14) days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
February 12, 2018

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF UNITED STATES OF AMERICA**

CHAD A. READLER
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

ETHAN DAVIS
Deputy Assistant Attorney General

GUSTAV W. EYLER
Acting Director
Consumer Protection Branch

KATHRYN A. SCHMIDT
Trial Attorney
Consumer Protection Branch

FOR THE FEDERAL TRADE COMMISSION

*[signature]*

MATTHEW H. WERNZ
SAMUEL A.A. LEVINE
Federal Trade Commission
Midwest Region
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
Tel.: (312) 960-5634

FOR DEFENDANT

*[signature]* Date: 1/29/18

Kandi Parsons
Stacey M. Brandenburg
ZwillGen, PLLC
1900 M Street, NW, Suite 250
Washington, DC 20036
Tel.: (202) 706-5213

*[signature]* Date: 1-22-18

Karl Andersen, Esq.
Andersen & Broyles, LLP
5550 Painted Mirage Road, Suite 320
Las Vegas, Nevada 89149
Tel.: (702) 220-4529

*Attorneys for Defendant Prime Sites, Inc.*

*[signature]* Date: 1-30-18

Prime Sites, Inc.
by Ami Shafrir, President